```
          E57gdrec
 1    UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
 2    ------------------------------x
 3    ATHANASIOS DRENIS, et al.,
 4                Plaintiffs,
 5         v.                                04 CV 9263(LAP)
 6    ANGELO HALIGIANNIS, et al.,
 7                Defendants.
 8    ------------------------------x
                                            New York, N.Y.
 9                                          May 7, 2014
                                            3:15 p.m.
10
      Before:
11
                       HON. LORETTA A. PRESKA,
12
                                            District Judge
13
                             APPEARANCES
14
      LERNER ARNOLD & WINSTON, LLP
15         Attorney for Plaintiffs Drenis, et al.
      CHARLES ARNOLD
16
      ANTHONY PEARL
17         Attorney for Defendant Stuart Adler
18
19
20
21
22
23
24
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

1              (In open court)
2              THE COURT:  We're here today on plaintiffs' motion for
3     a default judgment against Mr. Adler.
4              Mr. Adler and counsel have put in affidavits
5     essentially arguing that proper service was not made on
6     Mr. Adler.
7              The general fact pattern is that Mr. Adler was named
8     in the first amended complaint.  He appeared through counsel
9     and filed a motion to dismiss.  On or about September 26 of
10    2006, Judge Holwell dismissed the action as premature without
11    prejudice and granted plaintiffs' leave to replead.
12             In that first amended complaint, Mr. Adler was
13    included in the fraudulent conveyance claim.  Thereafter, a
14    second amended complaint was served on Mr. Adler at the same
15    Flower Lane address as the first amended complaint had been
16    served.
17             In that complaint, Mr. Adler was included in the
18    accounting cause of action and the fraudulent conveyance cause
19    of action.  Mr. Adler did not appear with respect to the second
20    amended complaint.
21             The third amended complaint was served by mailing to
22    Mr. Adler's business address, which he acknowledges was and is
23    his business address, at One Old Country Road.  In that
24    complaint, Mr. Adler was included in the accounting and the
25    fraudulent conveyance schemes.

1    As set forth in Mr. Adler's affidavit, at the time of
2 the second amended complaint, he did not live at the Flower
3 Lane address, although, apparently, he has returned to that
4 address as of today.  Mr. Adler doesn't say where he was living
5 at the time of the service of the second amended complaint, but
6 he does not deny receiving any of the three complaints that are
7 at issue here.
8    Rule 5(a)(1)(B) states that "[u]nless these rules
9 provide otherwise, each of the following papers must be served
10 on every party: ... a pleading filed after the original
11 complaint unless the court orders otherwise under Rule 5(c)
12 because there are numerous defendants."
13    Rule 5(a)(2) states that "[n]o service is required on a
14 party who is in default for failing to appear.  But a pleading
15 that asserts a new claim for relief against such a party must
16 be served on that party under Rule 4."
17    Rule 5(b)(2)(C) states, "A paper is served under this
18 rule by: ... mailing it to the person's last known address – in
19 which event service is complete upon mailing."
20    In *O'Callaghan v. Sifre*, 242 F.R.D. 69 (S.D.N.Y.
21 2007), Judge Marrero considered a case where the initial
22 complaint was dismissed without prejudice and with leave to
23 replead.  The Court, however, directed the clerk of court to
24 close the file.  Thereafter, when Judge Marrero accepted the
25 amended complaint, the clerk was ordered to reopen the file.

1                In that case, Judge Marrero held that service of the
2     amended complaint under Rule 4 was not required.  He stated,
3     quote, "Where a federal court grants a plaintiff leave to file
4     an amended pleading in a prior-commenced case, the plaintiff
5     does not need to serve that amended pleading pursuant to the
6     requirements of Rule 4, unless the amended pleading includes
7     'new or additional claims for relief.'"  *Id*. at 73.  (citing
8     Fed. R. Civ. P. 5(a)) (other citations omitted).
9                I cite *O'Callaghan* for the proposition that service
10    under Rule 4 ordinarily is not required for amended complaints.
11    To the extent that *O'Callaghan* suggests that service under Rule
12    4 is required for all amended pleadings that add "new or
13    additional claims for relief," I note that this was not
14    essential to the holding of *O'Callaghan*, which considered an
15    amended complaint that was identical to the initial complaint.
16    *See O'Callaghan*, 242 F.R.D. at 74.
17               Also, as I note below, Rule 5(a)(2) only requires
18    service under Rule 4 for complaints that add "new or additional
19    claims for relief" against a party "in default for failing to
20    appear" in response to the previous complaint.  Although
21    plaintiffs added an additional claim for relief to the second
22    amended complaint in this case, Mr. Adler did not default on
23    the first amended complaint.  Accordingly, I find that service
24    under Rule 4 was not required for the second amended complaint.
25               To the extent that Mr. Adler argues that service of

the second amended complaint was insufficient because he was no longer living at the Flower Lane address, that argument is rejected as well. In so doing, I rely on *Sanders v. New York City Department of Corrections*, 376 Fed. Appx. 151 (2d Cir. 2010). There, in discussing service under Rule 5, the Court said, "Federal Rule of Civil Procedure 5 provides that a party may serve a 'written motion' by 'mailing it to the person's last known address — in which event service is complete upon mailing.' Federal Rules of Civil Procedure 5(a)(1)(D), (b)(2)(C). Although the City Defendants' first service was made by mailing the papers to an older address for Sanders, the City Defendants filed an amended declaration of service after mailing the papers to Sanders' correct last known address. The second service therefore complied with Rule 5.

"This Court has recognized that, in the context of notice to parties of court actions and proceedings, "[t]he proper focus of the due process inquiry is not whether notice ... was actually received but whether the means selected were 'such as one desirous of actually informing the [litigant] might reasonably adopt to accomplish it.'" *Grievance Comm. v. Polur*, 67 F.3d 3, 6 (2d Cir. 1995) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*,; 339 U.S. 306, 315, 70 S.Ct. 652, 94 L.Ed. 865) (1950)). Here, the means selected by City Defendants — mailing the motion papers to Sanders' last known address — were reasonably calculated to provide Sanders with

1    actual notice of the motion and, thus, they also satisfied the
2    requirements of due process."
3            Here, the means selected by plaintiffs, that is,
4    mailing the second amended complaint to Mr. Adler's last known
5    address, were reasonably calculated to provide him with actual
6    notice.  As I noted above, Mr. Adler does not deny receiving
7    actual notice.
8            Finally, to the extent that Mr. Adler claims that the
9    service of the third amended complaint on his One Old Country
10   Road business address is insufficient, I reject that argument
11   as well.
12           In footnote five to *O'Callaghan v. Sifre*, (*supra*), the
13   Court noted, "Rule 5(b)(2)(B) does not specify whether the
14   'last known address' referred to in this provision must be a
15   residential address, or may be a business address.  In the
16   absence of limiting language, the Court concludes that it may
17   be either, and further accepts that, in this case, Defendants
18   may be served at their places of business, as specified by
19   them."  Accordingly, I find that service of the third amended
20   complaint on Mr. Adler was sufficient.  I also note that
21   Mr. Adler does not deny receiving a copy of the third amended
22   complaint.
23           To the extent that Mr. Adler argues that Rule 5(a)(2)
24   requires service under Rule 4 because the second amended
25   complaint added a new claim against him, that argument is

E57gdrec

1  rejected as well.  The second sentence of that rule stating
2  that, "A pleading that asserts a new claim for relief against
3  <u>such</u> party must be served on that party under Rule 4," clearly
4  refers back to the first sentence, which addresses a party who
5  is in default.
6       As noted above, Mr. Adler was not in default of the
7  first amended complaint.  He appeared and made a motion to
8  dismiss.  Accordingly, service under Rule 4 was not required by
9  Rule 5(a)(2), even though a new claim for relief was added
10 because Mr. Adler was not in default.
11      Accordingly, plaintiffs' motion for a default judgment
12 against Mr. Adler is granted.  Plaintiffs' counsel shall confer
13 with Mr. Adler's counsel with respect to a proposed order and
14 submit one to the Court.
15      Thank you, counsel, for your assistance.
16      MR. ARNOLD:  Thank you, Judge.
17      MR. PEARL:  Thank you, your Honor.
18      (Adjourned)