```
E5FFATHC

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   ATHANASIO DRENIS, et al,

 4                Plaintiffs,

 5           v.                                  04 CV 9263 (LAP)

 6   ANGELO HALIGIANNIS, et al,

 7                Defendants.

 8   ------------------------------x
                                                 New York, N.Y.
 9                                               May 15, 2014
                                                 12:10 p.m.
10
     Before:
11
                     HON. LORETTA A. PRESKA,
12
                                                 District Judge
13
                              APPEARANCES
14
     LERNER, ARNOLD & WINSTON, LLP
15        Attorney for Plaintiffs ]
     CHARLES M. ARNOLD, ESQ.
16   YASAMIN T. ROOMINA, ESQ.

17

     HINCKLEY & HEISENBERG LLP
18        Attorneys for Defendant
     GEORGE R. HINCKLEY, JR., ESQ.
19
     GAGE SPENCER & FLEMING
20        Attorneys for Defendant
     G. ROBERT GAGE, JR., ESQ.
21

22

23

24

25
```

E5FFATHC

1           (In the robing room)

2           THE COURT:  Ladies and gentlemen, I very much
3   appreciate all the time that you have spent with me this
4   morning.  I have a proposal and a recommendation to make with
5   respect to the settlement of this action between plaintiffs and
6   Mr. Derby.  The terms and conditions are as follows:

7           I recommend releases as set forth in paragraph 2A of
8   the Ziozis settlement document.

9           Plaintiffs, for good and valuable consideration, the
10  receipt and sufficiency of which is hereby acknowledged, do
11  fully and finally release and discharge the Ziozis defendants
12  from any and all claims, causes of action and costs that are in
13  any way related or connected to Sterling Watters Group, L. P.,
14  Sterling Watters Capital Management Inc., Sterling Watters
15  Capital Advisers, LLC, Sterling Watters, Inc., Sterling Watters
16  Global Management, Sterling Watters Global Fund and any and all
17  assignees, transferees or any other entities claiming by, under
18  or through Sterling Watters or any of the entities named herein
19  (collectively, "Sterling Watters"), including but not limited
20  to actual or potential claims in the lawsuit, except for the
21  Ziozis defendants' obligations herein.

22          And as I discussed with Mr. Arnold, because that
23  paragraph does reflect a total release, plaintiff's indemnify
24  Mr. Derby against any claims including attorneys fees by others
25  arising out of this matter and the matters set forth in

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1    paragraph 2A.
2               I recommend including the alternative recovery
3    paragraph, which is paragraph 14.
4               Plaintiffs and other parties have settled and will
5    continue to settle with other defendants in the lawsuit,
6    resulting in plaintiffs and possibly other parties receiving
7    settlement payments in connection therewith.  Certain of the
8    plaintiffs have taken steps to pursue Angelo Haligiannis, the
9    result of which may lead to the collection of monies from
10   Haligiannis.  If and when plaintiffs are made whole for the
11   monies they invested, including the settlement sum paid
12   pursuant to this agreement and including all expenses incurred
13   to collect said funds, prosecute the lawsuit or any related
14   action, plaintiffs will pay to the Ziozis defendants their pro
15   rata share of any monies plaintiffs receive in excess of the
16   monies they invested and their expenses, up to the amount of
17   the settlement sum.  Plaintiffs will keep the Ziozis defendants
18   advised of their progress upon request.
19              I recommend including the confidentiality paragraphs.
20   There are three listed at paragraph 18 of the settlement
21   agreement.
22              The parties agree that the terms and conditions
23   contained in this agreement resolving the case are
24   confidential.  The parties agree that they shall not publicize,
25   discuss or disclose or authorize their agents, servants,

1   employees, attorneys or representatives to publicize, discuss
2   or disclose, directly or indirectly, orally or in writing,
3   spontaneously or in response to an inquiry, to any entity or
4   person, the terms of the settlement thereof, other than to say
5   as follows:  The parties have met and resolved their
6   differences in an amicable and mutually satisfactory way and
7   have concluded a settlement on terms that they believe are
8   fair.  The Ziozis defendants paid all net profits to the
9   plaintiffs.  The parties are not to discuss the amount of the
10  settlement, how the settlement sum was calculated or that there
11  were set offs among the net profits of the Ziozis defendants.
12  After the litigation involving all parties is concluded by
13  settlement or judgment or combination of both, there shall be
14  no restrictions on a party's right to discuss any aspect of the
15  settlement.
16          Notwithstanding the above, the parties are permitted
17  to disclose the terms of the settlement to:  (a) Attorney(s)
18  hired in connection with this lawsuit, accountants, and
19  bankers; and (b) as otherwise may be required by operation of
20  law, court order or subpoena.  If this agreement or its
21  provisions are sought in discovery or pursuant to a lawfully
22  issued subpoena, the party receiving such a discovery demand or
23  subpoena will provide the other parties hereto with prompt
24  written notice of such discovery demand, order or subpoena.
25  Any party may, but shall not be obligated to, at his own

1  expense, make any appropriate application to protect the
2  confidentiality of this agreement and/or seek to quash, vacate,
3  modify such demand or subpoena, on or before the return date of
4  the discovery demand, subpoena or court order.
5  　　　　　The terms of the preceding paragraphs are considered
6  to be a material clause of the agreement resolving this matter
7  and material consideration for the settlement of the dispute
8  between the parties.  A violation of this confidentiality
9  provision will therefore be considered a material breach of the
10 agreement.
11 　　　　　Settlement will be construed according to New York
12 law.  The Court retains jurisdiction to administer the
13 settlement and finally the Court recommends that the basis of
14 the settlement be a payment by Mr. Derby of $60,000 within 60
15 days of May 20, 2014.  The check shall be made payable to
16 Lerner, Arnold & Winston, LLP as attorneys and delivered to
17 Lerner, Arnold & Winston LLP, 475 Park Avenue South, 28th
18 floor, New York, New York 15016, attention:  Charles Arnold,
19 Esq.
20 　　　　　Counsel shall confer with their clients and counsel
21 shall call the Court no later than the close of business
22 Tuesday, May 20, to inform the Court whether the clients do or
23 do not accept the Court's recommendation.
24 　　　　　If the recommendation is accepted, the Court will put
25 that on the record through the telephone -- through a

E5FFATHC

1   telephonic conference with a court reporter on Tuesday or
2   whatever day counsel informs the Court.  If one or any number
3   of parties rejects the Court's recommendation, then counsel
4   shall confer and provide the Court with a schedule of the
5   motions and cross motions discussed today at our conference.
6            Are there any questions from anyone?
7            COUNSEL:  No, your Honor.
8            THE COURT:  Thank you, ladies and gentlemen.  Thank
9   you, Ms. Reporter.
10           (Adjourned)